UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
NOV 1 6 2011
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Joel Jockton Beavers | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.    1 j 2U;1r<br>) |
| Henderson Hill *et al.*, | )<br>) |
| Defendants. | )<br>) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).



Plaintiff, a District of Columbia resident, sues two attorneys for at least the third time in this Court. *See Beavers v. Watters*, No. 10-1120 (D.D.C. June 30, 2010), Mem. Op. at 1 (noting, in dismissing for lack of subject matter jurisdiction, that plaintiff's previous complaint was dismissed for the same reason). Plaintiff alleges only that "[t]his case was found to be untrue and was overturned the full sentence was served," and he seeks $9.9 million in damages. Compl. at 1. Plaintiff has not stated a basis for federal court jurisdiction and the sparse allegations provide no notice of a claim. In fact, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.'") (*quoting Tooley*, 586 F.3d at 1009). A separate Order accompanies this Memorandum Opinion.

/s/ Royce A. Lamberth
United States District Judge

Date: November 7th, 2011